**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Collectanea J. Limited, | ) | |
| | ) | Case: 25-cv-10975 |
| | ) | |
| Plaintiff, | ) | Judge: Mary M. Rowland |
| | ) | |
| v. | ) | Mag. Judge: Laura K. McNally |
| | ) | |
| The Partnerships And | ) | |
| Unincorporated Associations | ) | |
| Identified On Schedule "A" | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**DECLARATION OF LYDIA PITTAWAY IN SUPPORT OF PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**

I, Lydia Pittaway, declare and state as follows:

1.    I am over 18 years of age.

2.    I have personal knowledge of the facts set forth herein.

3.    I make this declaration in support of Plaintiff Collectanea J. Limited's *Ex Parte* Application for Entry of a Temporary Restraining Order, Including a Temporary Injunction and a Temporary Asset Restraint ("Motion for TRO").

4.    If called upon to do so, I could and would competently testify to the following facts set forth below.

5.    I am an attorney licensed to practice law in the Northern District of Illinois.

6.    I am one of the attorneys for Plaintiff in the instant case.

7.    Since 2021, I have and continue to prosecute actions under the Lanham Act and Copyright Act against primarily overseas ecommerce sellers.

8.      In my experience supervising anticounterfeiting and infringement investigations, I have found that overseas ecommerce sellers that violate U.S. intellectual property rights frequently operate in large, interlocking networks.

9.      In order to avoid liability and being shut down, pirating copyright infringers like the Defendants in the instant case frequently register their ecommerce stores under false names and/or create layers of shell companies.

10.     I have come to this conclusion, in part, through extensive examination of expedited discovery production from ecommerce platforms consisting of registration information provided by ecommerce sellers that typically lacks vital information, including complete names, addresses and telephone numbers.

11.     Even where the information provided to the ecommerce platforms by the ecommerce sellers appears to be legitimate or indicates that the ecommerce sellers are in the United States, the information provided may be fake.

12.     Pirating copyright infringers like Defendants sometimes utilize the identifying information, even those of American individuals and businesses, to set up and operate their ecommerce stores without their knowledge or consent.

13.     Identifying information provided by pirating copyright infringers like Defendants to ecommerce platforms is inherently unreliable with the exception of the email addresses that are relied upon by Defendants to access their accounts and to receive communications from the platform.

14.     When defendants in intellectual property suits I have and continue to prosecute have been served with a lawsuit, I have observed the spoliation of evidence, including the modification of registration information to indicate different owners.

15.     The Defendants have established Internet-based businesses and utilize electronic means as reliable forms of contact, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action.

16.     The ecommerce stores at issue are under Defendants' complete control. Thus, Defendants have the ability to change the ownership or modify e-commerce store data and content, change payment accounts, redirect consumer traffic to other seller identification names, and transfer assets and ownership rights to the Seller IDs. Such modifications can happen in a short span of time after Defendants are provided with notice of this action.

17.     Thus, Defendants can easily electronically transfer and conceal the funds sought to be restrained if they obtain advance notice of Plaintiff's Motion for Temporary Restraining Order and thereby thwart the Court's ability to grant meaningful relief and eviscerate the status quo.

18.     Absent a temporary restraining order without notice, Defendants can and may significantly alter the status quo before the Court can determine the parties' respective rights.

19.     The undersigned has not yet noticed Defendants of the instant action.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge and belief at the time of presentation. Executed on this 24th of September, 2025 at Fort Pierce, Florida.

*/s/ Lydia Pittaway*
Fla. Bar No: 0044790
Ford Banister LLC
305 Broadway - Floor 7
New York NY 10007
Telephone: +1 212-500-3268
lpittaway@fordbanister.com
*Attorney for Plaintiff*